**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| EVA TRINI PLAZA-GUTIERREZ, | ) | No.  EDCV 08-597 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

### I.  BACKGROUND

Plaintiff Eva Trini Plaza-Gutierrez was born on August 5, 1958, and was forty-nine years old at the time of her administrative hearing. [Administrative Record ("AR") 18, 271.]  She has eleven years of education and past relevant work experience as a packer, home care

provider, deli cashier and machine operator. [AR 18, 115.] Plaintiff alleges disability on the basis of fibromyalgia, carpal tunnel, arthritis, back problems, high blood pressure, severe allergies, bone spurs in her right heel, left ankle pain and memory loss. [AR 32.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on April 30, 2008, and filed on May 9, 2008.  On November 17, 2008, defendant filed an answer and Plaintiff's Administrative Record ("AR").  On January 21, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act on October 28, 2005, alleging disability since January 31, 1992.[1] [AR 10.]  After the application was denied initially and on reconsideration, plaintiff requested an administrative hearing, which was held on October 29, 2007, before ALJ F. Keith Varni. [AR 271.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and her daughter, Isabel Refermosa.

---

[1] Plaintiff was last insured for Title II benefits on June 30, 1993. [AR 11.]  Plaintiff filed a previous DIB application that was denied by an Administrative Law Judge ("ALJ") decision, filed on February 27, 1997, which Plaintiff did not appeal. [Id.]  In the present case, the ALJ noted that the prior decision was administratively final and found no cause to reopen the application pursuant to 20 C.F.R. § 404.988, such as new and material evidence relating to the previously adjudicated period. [Id.] Accordingly, Plaintiff's DIB claim was dismissed, and the Commissioner's evaluation was limited to the SSI claim. [Id.]  Plaintiff does not appeal the Commissioner's decision to dismiss her DIB claim.

[AR 272.] The ALJ denied benefits in a decision dated December 3, 2007. [AR 10-19.] When the Appeals Council denied review on April 7, 2008, the ALJ's decision became the Commissioner's final decision. [AR 2-4.]

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

# V. DISCUSSION

## A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist

claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had a "severe" impairment of the musculoskeletal system (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13-14.] Plaintiff was found to have an RFC for a limited range of light work.[3] [AR 15.] Plaintiff could not perform her past

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

[3] The ALJ found that Plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk at least two hours in an eight-hour workday and sit for about six hours in an eight-hour workday; cannot engage in repeated or constant wrist flexion/extension, supination/pronation, or turning or twisting; cannot repeatedly operate lower extremity controls; cannot engage in extreme or constant overhead reaching or stretching with the left upper extremity, but can do at or below shoulder level work 1/3 to 2/3 of the time; cannot engage in constant or repetitive power gripping or grasping, but should be able to use her hands for gross manipulation

1  relevant work (step four). [AR 18.]  The vocational expert provided
2  evidence that a person with plaintiff's RFC could perform work
3  existing in significant numbers, such as a lens-block gauger, table
4  worker, addresser or call-out operator (step five). [AR 19.]
5  Accordingly, plaintiff was found not "disabled" as defined by the
6  Social Security Act. [Id.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed issues:

1. Whether the ALJ properly considered Plaintiff's obesity and its impact on her other impairments;
2. Whether the ALJ properly considered the chiropractor's opinion regarding Plaintiff's multiple limitations;
3. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings; and
4. Whether the ALJ properly considered the lay witness testimony.

[JS 3.]

**D.   ISSUE ONE: OBESITY**

During an Orthopaedic Consultation performed in February 2006 by Dr. Thomas Dorsey, Plaintiff was measured at sixty-one inches tall and 244 pounds.[4] [AR 205.]  Medical records indicate that in August 2006,

---

1/3 to 2/3 of the time; should be able to perform activities such as writing, turning pages, using a phone, and fingering larger objects; cannot climb ladders, ropes or scaffolds, but can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch and crawl; and has an unlimited ability to feel. [AR 15.]

[4] Although Plaintiff asserts a weight of 275 pounds, the records cited indicate Plaintiff's highest weight was 247 pounds. [AR 146.]

1  Plaintiff was measured at 247 pounds. [AR 146.]  In the Commissioner's
2  decision, at step two of the five-step evaluation, the ALJ found that
3  Plaintiff "is obese, but this condition does not limit her mobility or
4  ability to function and imposes no greater limitations than those
5  established herein." [AR 13.]  Plaintiff asserts that the ALJ erred in
6  failing to properly consider evidence of her obesity to the extent
7  that it may combine with her other impairments to affect her
8  functional capacity for work. [JS 3-6.]

9  Although obesity was removed from the Listing of Impairments in
10 1999, the condition may still factor into a multiple impairments
11 analysis by virtue of its interactive effect on a claimant's other
12 impairments, "but only by dint of its impact upon the claimant's
13 musculoskeletal, respiratory, or cardiovascular system." Celaya v.
14 Halter, 332 F.3d 1177, 1181 n. 1 (9th Cir. 2003)(citing 64 Fed. Reg.
15 46122-01, 1999 WL 637689).  In Celaya, the ALJ's failure to consider
16 evidence of the claimant's obesity in a multiple impairments analysis
17 was reversible error because: (1) it was raised implicitly in the
18 claimant's report of symptoms; (2) it was clear from the record that
19 the claimant's obesity was at least close to the listing criterion;
20 and was a condition that could exacerbate her reported illnesses; and
21 (3) in light of the claimant's pro se status, the ALJ's observation of
22 the claimant and the information on the record should have alerted him
23 to the need to develop the record in respect to her obesity.  Celaya,
24 332 F.3d at 1182.

25 The fact that a claimant has obesity does not by itself trigger a
26 duty to perform the interactive analysis.  See Burch v. Barnhart, 400
27 F.3d 676, 682 (9th Cir. 2005).  A multiple impairments analysis with
28 obesity is not required where, for example, the record does not

7

indicate that obesity exacerbates the claimant's other impairments, or the claimant is represented by counsel who fails to help develop the record. Burch 400 F.3d at 682, 683 (distinguishing Celaya when record did not indicate exacerbation of the claimant's other impairments by obesity, claimant was represented by counsel, and no evidence or theory of disability on the basis of obesity was set forth).

In this case, Plaintiff, who was represented by counsel throughout the proceedings, makes a general argument about the adverse effects of obesity but cites no evidence showing that Plaintiff's obesity could be a partial basis for disability. [JS 4.] Nor does the record suggest that Plaintiff's obesity exacerbated her other impairments to a degree greater than the ALJ's RFC finding, which imposed several functional limitations in consideration of Plaintiff's musculoskeletal disorder. Although Dr. Dorsey measured Plaintiff's weight at 244 pounds, Dr. Dorsey concluded that Plaintiff could stand and walk for four hours in an eight-hour workday, lift and carry twenty-five pounds occasionally and ten pounds frequently, bend and stoop on an occasional basis, and refrain from standing or walking on uneven ground; this functional assessment was less restrictive than the ALJ's RFC determination. [AR 208.] Under these circumstances, the ALJ's evaluation of the medical record was not erroneous. Burch, 400 F.3d at 684 (finding proper consideration of evidence of claimant's obesity where ALJ noted evidence of claimant's weight in consideration of plaintiff's remaining maximum ability to do sustained work and claimant did not "set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider"). The ALJ "properly considered [Plaintiff's] obesity to the extent required based on the record," and this claim is

therefore without merit.  Id.

### E.  ISSUE TWO: CHIROPRACTOR'S OPINION

In February 2007, Barbara Stanfield, a chiropractor, completed a Physical Capacities questionnaire regarding Plaintiff's functional limitations. [AR 118-19.] Ms. Stanfield wrote, among other things, that "prolonged periods of standing/walking aggravate low back, cervical and feet," "prolonged periods of sitting aggravate low back," and that "the patient is unable to lift objects because no strength to hands or wrist." [AR 119.]  The ALJ summarized Ms. Stanfield's opinion and rejected it for the following reasons:  Ms. Stanfield is a chiropractor and had "no competence" in treating, diagnosing, or assessing upper extremity impairments; a chiropractor is not an "acceptable medical source" to provide a medical opinion pursuant to 20 C.F.R. § 416.913 but is considered an "other source"; Ms. Stanfield provided no treating records; Ms. Stanfield's opinion was inconsistent with Plaintiff's testimony, which was that she could walk "for a while," sit for at least an hour at a time, drive, run errands and do light housekeeping chores; and Ms. Stanfield's opinion was accommodative and "thoroughly rebutted" by the opinions of Dr. Dorsey and state agency physicians. [AR 17-18.]

Plaintiff makes the conclusory assertion that the ALJ "failed to properly consider" the opinion of Ms. Stanfield, without providing any argument for that assertion or even addressing the reasons cited by the ALJ to reject her opinion. [JS 9-10.]  Because chiropractors are not "acceptable medical sources," as defined by the Commissioner's regulations, their reports are defined as "information from other sources" that may also be considered.  See 20 C.F.R. § 416.913(a)&(d). The ALJ has discretion to determine the appropriate weight to accord a

9

chiropractor's opinion.  Diaz v. Shalala, 59 F.3d 307, 313-14 (9th Cir. 1995).  Review of the record supports the conclusion that the rejection of Ms. Stanfield's opinion was a proper exercise of the ALJ's discretion that satisfied the Ninth Circuit standard for the evaluation of chiropractic evidence.  Accordingly, this claim is without merit.

### F.   ISSUE THREE: CREDIBILITY

During the hearing, Plaintiff testified that she has daily problems with pain in her lower back, knees and feet; that "all I do" is lay down during the day; that she has constant fatigue; that her medications make her drowsy; that she has shortness of breath; and that she has problems with concentration. [AR 274-76.]

The ALJ found that this testimony was "not fully credible" for the following reasons.  First, the ALJ stated that the assertions were unsupported by established pathology, explaining that Plaintiff had two surgeries for carpal tunnel syndrome that helped alleviate her symptoms, an MRI of her back showed "only mild to moderate degenerative disc disease," and x-rays of her right foot "showed nothing more than mild degenerative changes and mild hallux valgus deformity." [AR 16.]  Second, the ALJ found that Plaintiff's testimony was indicative of gross exaggeration, later citing as an example a treatment note from July 2004 stating that Plaintiff initially held her neck quite stiffly but that later in the visit she was "moving about quite easily." [Id.; AR 167.]  Third, the ALJ found that Plaintiff's testimony that she was required to lay down all day was inconsistent with Plaintiff's activities of daily living as reported

to the examining psychiatrist.[5] [AR 16.] Fourth, the ALJ noted that Plaintiff's pain allegations were inconsistent with Dr. Dorsey's finding of few significant abnormalities and treatment notes indicating problems that resolves quickly with minimal treatment. [AR 16-17.] Plaintiff asserts that "the ALJ rejected Plaintiff's testimony without providing legally sufficient reasons." [JS 12-13.]

    Questions of credibility and resolution of conflicts in the testimony are functions solely for the ALJ. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (citing Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)). To determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis. Lingenfelter v. Astrue, 504 F.3d 1038, 1036 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)); see also Parra, 481 F.3d at 750; Holohan

---

[5] Plaintiff told the psychiatrist that she is able to do household chores, cook and make snacks, dress and bathe herself, go to the store, and run errands. For transportation, she drives a car and drove herself to the examination. Other activities include going to the movies on occasion and watching television. Plaintiff also stated that she can handle bills and cash appropriately, leave home alone, and gets along with family but not friends and neighbors. Plaintiff reported making her bed sometimes, falling asleep while watching television, and that she has trouble sleeping at night. [AR 135.]

v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001).  An ALJ must "specifically identify" the testimony found not credible, the ALJ must "explain what evidence undermines the testimony," and the evidence on which the ALJ relies must be "substantial."  Parra, 481 F.3d at 750; Tonapetyan, 242 F.3d at 1148 ("The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements."); Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997).

   Although Plaintiff addresses none of the reasons provided by the ALJ to discount Plaintiff's testimony and provides no argument for the assertion that the ALJ's credibility evaluation was not legally sufficient, a review of the record indicates that the ALJ provided clear and convincing reasons under the Ninth Circuit standard.  See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008)("The ALJ may rely on ordinary techniques of credibility evaluation"); Burch v. Barnhart, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Tonapetyan, 242 F.3d at 1148 (9th Cir. 2001) (holding that the ALJ can rely on inconsistent statements in testimony in credibility evaluation).  Accordingly, this issue is without merit.

   **G.   ISSUE FOUR: THIRD PARTY TESTIMONY**

   At the hearing, Plaintiff's daughter, Ms. Refermosa, testified that she sees Plaintiff everyday and that Plaintiff was constantly in pain, limping or laying down; that Plaintiff was "very depressed" and crying; that Plaintiff required help in doing household chores such as washing dishes, cooking and cleaning; and that Plaintiff had memory problems. [AR 277.]  The ALJ found that Ms. Refermosa did not provide "any information sufficiently persuasive to suggest the claimant would

be unable to perform work within the limitations set forth above." [AR 18.]  The ALJ noted that Ms. Refermosa's testimony was inconsistent with Plaintiff's prior statements indicating she was "quite active and engages in a fairly wide range of activities," including talking to her relatives, doing household chores, preparing meals and going grocery shopping. [Id.]  The ALJ concluded that Plaintiff's ability to do these activities "does not necessarily establish an ability to obtain and maintain employment," but that it "does suggest she is not as incapacitated by her impairments as she alleges" and is capable of performing activities consistent with the mental and physical demands of work. [Id.]  Plaintiff asserts that the ALJ "failed to properly consider" this testimony. [JS 16-17.]

Descriptions of friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent evidence and must be considered in determining how an impairment affects a plaintiff's ability to work.  Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F. 3d 915, 918-19 (9th Cir. 1993); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987);  20 C.F.R. §416.913(d)(4).  An ALJ may expressly determine to disregard a lay opinion if he gives a reason germane to the witness.  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Dodrill, 12 F.3d at 919.

Plaintiff provides no reasons in support of the assertion that the ALJ failed to properly consider Ms. Refermosa's testimony, but a review of the record reveals that the ALJ provided reasons germane to that witness to reject her testimony, as required by the Ninth Circuit standard.  Accordingly, this issue is without merit.

**V.  ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:   September 30, 2009

```
                         _____/S/_____
                                     CARLA M. WOEHRLE
                              United States Magistrate Judge
```